UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KORTEZ SHIRLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-01032-JPH-TAB |
| ) | |
| MARION COUNTY SHERIFF'S OFFICE, ) | |
| JOHN LAYTON Former Marion County Sheriff, ) | |
| DEENIK Corporal, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION FOR JUDGMENT ON PLEADINGS**

This action is before the Court on the defendants' motion for judgment on the pleadings. Dkt. 31.

**I. Standard of Review**

"To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "When assessing the facial plausibility of a claim, we draw all reasonable inferences and facts in favor of the non-movant, but need not accept as true any legal assertions." *Id*. (internal quotation omitted).

**II. Allegations**

In plaintiff Kortez Shirley's third amended complaint, he names three defendants: 1) Marion County Sheriff's Office (MCSO); 2) former Marion County Sheriff John Layton; and 3) Corporal (Cpl.) Deenik. Dkt. 29.

Mr. Shirley alleges that beginning in April 2017, he was detained at Marion County Jail (the Jail). Dkt. 29 at 2-3. On May 4, 2017, Mr. Shirley went to the main entrance to cell block 4V

and 4W to receive his prescribed daily medication. *Id.* at 3. After taking the medication, he turned to Cpl. Deenik and opened his mouth to show that he had swallowed it. *Id.* Mr. Shirley then began walking back to his cell, but Cpl. Deenik asked him to turn around and open his mouth. *Id.* Mr. Shirley alleges that Cpl. Deenik approached him, grabbed his jaw/face, and pushed his head into the wall causing him pain and discomfort. *Id.* Then, Cpl. Deenik allegedly said, "if you want to act like a monkey, I'm going to treat you like a monkey." *Id.* He further alleges that the other defendants were aware that Cpl. Deenik has a propensity towards violence, aggression, excessive force, and mistreatment of minorities and inmates. *Id* at 4.

Mr. Shirley further alleges that after he filed his grievances, Jail employees began repeatedly retaliating against him, such as by deliberately knocking his personal items, including his toothbrush and other hygienic products, on the floor of his cell, stomping on his food, throwing his mattress on the floor, and waking him in the middle of the night and strip searching him. *Id.* at 3. Jail employees allegedly refer to their batons as "n***** beaters." *Id.* at 4. Jail supervisors are aware of the terminology "n***** beaters" in connection to the beating of African American inmates, and fail to correct it. *Id.* at 5. The terminology of "n***** beaters" is used in front of inmates to embarrass, harass, intimidate, and discriminate against African American inmates. *Id.* If a white inmate behaves erratically they are asked to be taken into "suicide watch", but if an inmate who is a minority behaves the same way, Jail guards immediately call for additional guards to help put the inmate into submission, often by the use of physical force. *Id.* Defendants were allegedly aware of such inappropriate conduct and did nothing to rectify it, further perpetuating the unconstitutional actions, climate, and policy, and failing to correct, train and discipline on such matters as necessary to correct the situation. *Id.*

Mr. Shirley brings claims of: 1) battery against MCSO and Sheriff Layton; 2) due process, excessive force, and policies of racial discrimination under the Fourteenth Amendment against MCSO and Sheriff Layton in their official capacities and against Cpl. Deenik in his individual capacity; 3) *Monell* policy claims of excessive force, racial discrimination, and retaliation against MCSO and Sheriff Layton in their official capacities and against Cpl. Deenik in his individual and official capacities. Dkt. 29.

### III. Discussion

**Battery Claim vs Sheriff Layton**

The defendants first argue that the battery claim against Sheriff Layton fails to state a viable claim under Indiana law. Mr. Shirley contends that throughout this litigation the parties have disputed who was the proper governmental entity defendant, but he does not explain how Sheriff Layton could be liable for battery. The third amended complaint does not allege any basis under the Indiana Tort Claim Act (ITCA) for finding liability against Sheriff Layton. *See* Ind. Code Ann. § 34-13-3-5(c) ("A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally.").

Cpl. Deenik is the individual who allegedly grabbed Mr. Shirley and pushed his head against a wall. Any claim against Cpl. Deenik for battery would be barred by the ITCA. "A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code Ann. § 34-13-3-5(b). *See Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 454 (Ind. 2000) (noting that courts should not "easily declare[]" employees acting outside the scope of employment because then "claimants would more

often find themselves limited to recovery against the private assets of employees rather than those of governments."). The only proper defendant for a battery claim is Cpl. Deenik's employer, the MCSO. The motion for judgment on the pleadings is **granted** as to the battery claim against Sheriff Layton.

### Remaining Claims vs Sheriff Layton

Next, the defendants correctly argue that the official capacity claims against Sheriff Layton should be dismissed because they are duplicative of *Monell* claims against the MCSO. "Because a suit against a government office and the officeholder are identical, the two defendants—the Sheriff and his office—are redundant on this claim." *Budd v. Motley*, 711 F.3d 840, 843–44 (7th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n. 55 (1978)). The third amended complaint asserts no individual capacity claims against Sheriff Layton. Accordingly, the motion for judgment on the pleadings is **granted** as to all official capacity claims against former Sheriff Layton because they are duplicative.

### *Monell* Claim vs Cpl. Deenik

Mr. Shirley seeks to bring a *Monell* claim against Cpl. Deenik in his individual and official capacities. A *Monell* claim cannot be brought against an individual in his individual capacity. *See Johnson v. Dykstra*, No. 3-17-CV-00071-PPS-MGG, 2019 WL 2270356, at *3 (N.D. Ind. May 24, 2019) ("Johnson has also brought '*Monell*' claims against Neal and Payne in their individual capacity. But this is an oxymoron. A party simply may not assert a *Monell* claim against prison officers in their individual capacities. Recall that under section 1983, only municipalities may be held liable for constitutional violations caused by their official policy including unwritten customs."). In addition, any plausible claim against Cpl. Deenik in his official capacity would be redundant of a *Monell* claim brought against the MCSO. The motion for judgment on the pleadings

4

is therefore **granted** as to any *Monell* or policy claim brought against Cpl. Deenik in his individual and official capacities.

### Qualified Immunity

Next, Cpl. Deenik argues that all individual capacity claims against him should be dismissed because he is entitled to qualified immunity. "Qualified immunity may be appropriate at the pleading stage where the plaintiff asserts the violation of a broad constitutional right that had not been articulated at the time the violation is alleged to have occurred." *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (internal quotation omitted). Cpl. Deenik, however, is not asserting (and cannot plausibly assert) that the Fourteenth Amendment does not encompass excessive force claims brought by pretrial detainees.

"[T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." *Id.* (internal quotation omitted). The Court finds that the dismissal of any claims on the basis of qualified immunity is not warranted without evidentiary support. "Because a qualified immunity defense so closely depends on the facts of the case, a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Id.* (internal quotation omitted). The motion for judgment on the pleadings is **denied** as to any claims brought against Cpl. Deenik based on qualified immunity.

### Excessive Force vs Cpl. Deenik

Finally, the defendants argue that the force used was not excessive and therefore, the due process claim against Cpl. Deenik must be dismissed. This claim warrants little discussion because sufficient facts are alleged to state a claim of excessive force. The Court cannot find without evidence that the force used to grab Mr. Shirley by the jaw and push his head into the wall causing

great pain was not excessive. The motion for judgment on the pleadings is **denied** as to the excessive force claim brought against Cpl. Deenik.

### IV. Conclusion

In sum, the defendants' motion for judgment on the pleadings, dkt. [31], is **granted in part and denied in part.** The following claims are **dismissed:** 1) all claims against Sheriff Layton, and 2) any policy claim brought against Cpl. Deenik in his individual and official capacities.

The claims **remaining** in this action ar:e 1) battery against the MCSO; 2) Fourteenth Amendment due process claims (encompassing excessive force and racial discrimination (equal protection)) against Cpl. Deenik in his individual capacity; and 3) *Monell* policy claims under the Fourteenth Amendment against the MCSO in its official capacity.

**The clerk is requested** to **terminate all defendants** on the docket other than the Marion County Sheriff's Office and Corporal Deenik.

**SO ORDERED**.

Date: 5/4/2020

Distribution:

Andrea Lynn Ciobanu
CIOBANU LAW, PC
aciobanu@ciobanulaw.com

Tara Lynn Gerber
City of Indianapolis
tara.gerber@indy.gov

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov

James Patrick Hanlon
United States District Judge
Southern District of Indiana